## SUPREME COURT.

### ABRAHAM D. VAN WYCK agt. GEORGE REID and others.

Where it is sworn positively that no notice of adjustment of the costs in the action has ever been received, it is incumbent upon the other side, in his affidavit, to state the *time and manner* of service; so that an indictment might be found upon the affidavit, if found to be false. A "slip-shod" affidavit of service won't answer.

*Dutchess Special Term, February,* 1855.

MOTION to strike out the costs entered in the judgment, and for a readjustment.

H. & M. HALE, *for defendants.*

C. VAN WYCK, *for plaintiff.*

DEAN, Justice. The defendant's attorney, in his affidavit, says, positively, that no notice was ever received of the taxation, or adjustment of costs. The plaintiff's attorney attempts to meet this by an affidavit, that he at some time, without mentioning on what day, but more than four days prior to the time for the adjustment, served a notice by mail.

Such an affidavit is, in my judgment, wholly insufficient. The party entering the costs must show himself regular,—that he has given the notice,—or the clerk is not authorized to make the entry. And where the costs have been inserted, and the attorney for the party against whom the costs are had, swears he has received no notice of adjustment, the attorney for the

other party must state time and manner of service, so that an indictment for perjury can be maintained against him, if not true. In this case, the costs amount to more than $100; and the attorney for the defendants, in his affidavit, says, all the items, except two or three, are such as could not be allowed. Some persons have such an extraordinary facility in making affidavits, that the only protection against them is, for the courts to require certainty and exactness in their statements of facts.

The motion is granted, with $10 costs.